UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:98-00159 |
| | ) | JUDGE CAMPBELL |
| PAUL WOODS | ) | |

MEMORANDUM AND ORDER

Pending before the Court is the Defendant's Motion To Compel The Government To File A Rule 35(b) Motion To Reduce Defendant's Sentence Due To Provision Of Extraordinary Assistance In the Investigation And Prosecution Of Dangerous Crime (Docket No. 788), along with supporting briefs and exhibits (Docket Nos. 789, 791, 796, 802, 803, 805). The Government has filed a Response (Docket No. 799) to the Motion.

This case was originally assigned to Judge Thomas A. Wiseman, Jr. Upon the filing of the Defendant's Motion, Judge Wiseman recused himself, and the case was transferred to the undersigned judge. (Docket No. 794).

The Defendant pled guilty through a plea agreement to a cocaine conspiracy and a money laundering conspiracy on November 29, 2000. (Docket Nos. 474, 552). He was subsequently sentenced to a term of life imprisonment. (Docket Nos. 553, 568). The Sixth Circuit dismissed the Defendant's direct appeal based on the plea agreement provision in which he waived his right to appeal. (Docket No. 636).

The Defendant subsequently filed a collateral action under 28 U.S.C. Section 2255 seeking to vacate his sentence. See Paul Allen Woods v. United States, 398 Fed. Appx. 117 (6th Cir. Sept. 23, 2010). Judge Wiseman presided over the early stages of the Section 2255 case, but after denying the Defendant's ineffective assistance of counsel claim, granted the Defendant's

motion to recuse himself. Id., at 118 n. 1. The case was transferred to Judge William J. Haynes, Jr. Id. Judge Haynes denied Defendant's request for Section 2255 relief, and the Sixth Circuit affirmed. Id., at 128.

Through the pending Motion, the Defendant requests that the Court hold a re-sentencing hearing and reduce his sentence based on the substantial assistance he provided in a criminal prosecution in the Eastern District of Kentucky and in other matters since his incarceration. The Defendant points out that Assistant United States Attorney Paul Molloy, from the Eastern District of Kentucky, sent a letter to the United States Attorney for this District recommending that a Rule 35 motion be filed on behalf of the Defendant. The recommendation, according to the Defendant, was based on his testimony as a crucial trial witness in the prison-murder prosecution of Dwaune Gravley, who was a violent felon with a history of shooting at police officers, a "Blood" and a founding member of the prison gang, "The Bullet Proof Dons." Defendant's filings describe in detail the nature of the Defendant's assistance in that case, and in other matters. The United States Attorney for this District has declined the Defendant's request to file a substantial assistance motion.

In support of his request that the Court compel the Government to file such a motion,[1] the

---

[1] The substantial assistance motion the Defendant seeks is based on Rule 35(b) of the Federal Rules of Criminal Procedure, which provides:

(b) Reducing a Sentence for Substantial Assistance.

>   (1) In General. Upon the government's motion made within one
>   year of sentencing, the court may reduce a sentence if the
>   defendant, after sentencing, provided substantial assistance in
>   investigating or prosecuting another person.

>   (2) Later Motion. Upon the government's motion made more than

2

Defendant cites the Sixth Circuit's decision in United States v. Davenport, 465 Fed. Appx 500, 2012 WL 688508 (6th Cir. Mar. 5, 2012) and the Supreme Court's decision in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). In Davenport, the court outlined the role of the district court in considering the prosecution's failure to file a substantial assistance motion:

> As the Supreme Court has clearly established, 'federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.' Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). A defendant is also entitled to relief if the prosecutor's refusal to file a substantial-assistance motion is not rationally related

---

one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

3

to any legitimate Government end. Chapman v. United States, 500 U.S. 453, 464-65, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). However, the defendant has the burden of making a substantial threshold showing: 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of an improper motive.' Wade, 504 U.S. at 186, 112 S.Ct. 1840.

Davenport, 465 Fed. Appx at 503-04.

The Government's Response indicates that the reason for its refusal to file a substantial assistance motion on the Defendant's behalf is the Defendant's breach of his plea agreement; failure to accept responsibility; efforts to obstruct justice; perjury and the making of false allegations; the seriousness of the Defendant's criminal conduct; public safety factors; and lack of timely, full, and truthful cooperation.

As for the Defendant's efforts to obstruct justice and perjury, the Government cites Judge Wiseman's statement at sentencing that he would have required the Government to file a substantial assistance motion at that time ". . . were it not for his perjured testimony before the grand jury and his attempted [subornation] of perjury." (Docket No. 799-2, at p. 10 of 12). The Government also cites Judge Wiseman's statement at a hearing on the Section 2255 motion describing the Defendant:

> [Woods] has appeared before this Court on numerous occasions and this Court has found that Petitioner pervasively obstructs justice. Petitioner lied under oath to the grand jury and suborned perjury when he attempted to get two witnesses to lie at his sentencing hearing.

(Docket No. 799-4, at p. 3 of 19).[2] In addition, the Government cites Judge Haynes' findings

---

[2] The Government points out that it was not aware of the Defendant's plans to cooperate in the Eastern District of Kentucky, and that consequently, the prosecutor there was not aware of impeachment material involving the Defendant's perjury before the grand jury. The Government indicates that the defendant in that case filed a motion for new trial based on the failure to disclose the impeachment material, but the court denied the motion finding that the Defendant

4

after the evidentiary hearing in the Section 2255 case that the Defendant's testimony was not credible. (Docket No. 799-5).

Applying the standard set forth in <u>Davenport</u> and <u>Wade</u> to the record in this case, the Court concludes that the Government's refusal to file a substantial assistance motion is not based on an unconstitutional motive, and is rationally related to a legitimate Government end. The Government's refusal is not unwarranted given the Defendant's perjury and obstruction of justice, the finding that his Section 2255 testimony was lacking in credibility, and that he has yet to fully disclose the details of his own past criminal conduct. Accordingly, the Court declines to compel the Government to file a substantial assistance motion, or to hold an evidentiary hearing. The Motion To Compel is DENIED.

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

was not a crucial government witness. (Docket No. 799-7, at p. 9-12).