IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:98-cr-00159-7 |
| | ) | Judge Trauger |
| PAUL A. WOODS | ) | |

## MEMORANDUM AND ORDER

Pending before the court is a *pro se* motion by the defendant, Paul A. Woods, for reconsideration of the court's denial of his earlier Motion to Compel the Government to File a Rule 35(b) Motion to Reduce Defendant's Sentence (hereinafter, "Motion to Compel"), the latest such motion filed by the defendant. The defendant's motion to reconsider (Doc. No. 951) is **GRANTED**. Nevertheless, as explained below, the court must deny the Motion to Compel as premature at this time.

In ruling on the Motion to Compel, which was also filed *pro se*, the court gave two reasons for denying relief: "First, the defendant has appointed counsel with regard to this matter and, therefore, the filing of *pro se* documents is improper. Second, this whole matter is presently before the appellate court for consideration. Therefore, this motion is premature." (Doc. No. 950.) The defendant now seeks reconsideration of this ruling based on a showing that (1) his current counsel is retained for purposes of appellate representation only, and (2) his *pro se* Motion to Compel is based on an entirely separate instance of rendering substantial assistance to federal prosecutors than the motion filed in 2012 by his appointed counsel, which is currently before the Sixth Circuit for consideration. (Doc No. 951.)

It does appear that, after appointed counsel represented the defendant in proceedings before this court on the original motion to compel and subsequently filed a notice of appeal (Doc. No. 943) from the denial of that motion, the defendant then retained counsel exclusively for purposes of representing him before the Sixth Circuit. (Doc. No. 951 at 11.) Nevertheless, the *pro se* Motion to Compel remains bound up with the issues under appellate consideration and is thus prematurely filed here, despite the differences in the underlying facts of when and how the defendant provided substantial assistance to the government. Specifically, both the pending appeal and the *pro se* Motion to Compel present the issue of whether the refusal of the United States Attorney's Office to file a motion to reduce the defendant's sentence under Fed. R. Crim. P. 35(b) is motivated by the desire to punish him for collaterally attacking his sentence in 2003 based on charges of prosecutorial misconduct.

It is generally within the government's discretion to decide whether to file a motion for sentence reduction when a defendant has provided substantial assistance. Therefore, federal courts lack authority to review the government's refusal to file such a motion unless (1) the government bargained away its discretion by promising to file the motion in exchange for the defendant's assistance, *United States v. Benjamin*, 138 F.3d 1069, 1073–74 (6th Cir. 1998), or (2) the refusal was based on an unconstitutional motive or otherwise unrelated to any legitimate government end. *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992). The defendant argues both bases for compelling the government to file a Rule 35(b) motion in his *pro se* Motion to Compel (Doc. No. 948), as well as in his briefing before the Sixth Circuit. *United States v. Woods*, No. 18-5059, Doc. Nos. 25 & 31 (6th Cir.). The issue of whether the government bargained away its discretion may obviously be decided differently based on the differing scenarios under which the defendant rendered assistance to the government. But the issue of whether the government is unconstitutionally refusing to file a

Rule 35(b) motion in retaliation for the defendant's allegation of prosecutorial misconduct in his § 2255 action lies at the heart of both his Motion to Compel in this court and his appeal before the Sixth Circuit, irrespective of the facts of the particular negotiation which resulted in the defendant providing substantial assistance.

Accordingly, undertaking review of the defendant's *pro se* Motion to Compel while this case is pending on appeal would position the court to potentially decide matters involved in the merits of that appeal. This, the court lacks jurisdiction to do. "It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Because "it is 'generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously,'" the filing of the appeal "divests the district court of its control over those aspects of the case involved in the appeal," with the exception of remedial matters not addressed to the appeal's merits. *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Here, the Sixth Circuit could reverse this court's determination that the government did not have a retaliatory motive for refusing to file a Rule 35(b) motion. The court therefore adheres to its original determination that the defendant's *pro se* Motion to Compel was filed prematurely. The matter is not currently within this court's jurisdiction to consider.

Upon reconsideration in light of the defendant's objections, the Motion to Compel (Doc. No. 948) is hereby **DENIED** without prejudice to refiling, if necessary, after the Sixth Circuit issues its ruling on appeal.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge